**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN L. JONES,**                                    **CASE NO. 2:07-cv-941**

                                                      **JUDGE HOLSCHUH**

      **Petitioner,**                          **MAGISTRATE JUDGE KING**

**v.**

**ERNIE MOORE, WARDEN,**

      **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

**I.  PROCEDURAL HISTORY**

According to the petition, this action involves petitioner's March 17, 2003, convictions in the Franklin County Court of Common Pleas pursuant to his guilty pleas on charges of voluntary manslaughter, in violation of O.R.C. §2903.03 and aggravated robbery, in violation of O.R.C. §2911.01, with specifications.  On March 19, 2003, the trial court sentenced him to an aggregate term of twenty years incarceration.  *See Exhibit A to Petition*.  Petitioner never filed an appeal; however, approximately three years later, on February 13, 2006, he filed a petition for post conviction relief with the state trial court asserting that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and was a function of ineffective assistance of counsel.  *Exhibit B to Petition*. On March 20, 2006, the trial court denied the petition.  *Id*.  Petitioner filed a timely appeal from that

decision.  On December 14, 2006, the appellate court affirmed the trial court's judgment.  *Exhibit C to Petition*.  On March 28, 2007, the Ohio Supreme Court denied petitioner's subsequent appeal.  *Exhibit D to Petition*.

On September 17, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2244(d).  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  Enhanced portion of sentence void as being secured in violation of Sixth and Fourteenth Amendment[s], U.S. Constitution.
>
> 2.  Denial of absolute right to procedural due process of law where government failed to prove enhancer beyond reasonable doubt.
>
> 3.  Ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments.

For the reasons that follow, petitioner's claims are time-barred.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.  28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on April 18, 2003 - *i.e.,* thirty days after the trial court sentenced him on March 19, 2003 - when the time period expired to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on April 17, 2003. Petitioner's February 13, 2006, post conviction petition did not toll or otherwise affect the running of the statute of limitations, because petitioner filed that action long after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to alleged any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

Petitioner nonetheless contends that this action is timely because he raises a claim under *Blakely v. Washington,* 542 U.S. 296 (2004), and the Ohio Supreme Court did not decide until

3

February 27, 2006, in *State v. Foster*, 109 Ohio St.3d 1 (2006), that portions of Ohio's sentencing statutes violated *Blakely*. Petitioner contends that this sequence constitutes a state created impediment under 28 U.S.C. §2244(d)(1)(B) warranting tolling of the statute of limitations. *Petition*, at 14. Petitioner's argument is not persuasive. The United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not to be retroactively applied to cases on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Therefore, *Blakely* neither provides petitioner the relief he seeks here, nor renders this action timely under 28 U.S.C. 2244(d)(1)(C). *See Hurless v. Berghuis*, 2006 WL 2714982 (W.D. MI. September 22, 2006); *Rooks v. Mills*, 2006 WL 399236 (E.D. Tenn. February 16, 2006).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

4

adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 24, 2007                                      *s/Norah McCann King*
                                                          Norah McCann King
                                                    United States Magistrate Judge

5